UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    -v-<br><br>DEREK PARSONS,<br><br>            Defendant. | 22-cr-516 (JSR)<br><br>ORDER |

JED S. RAKOFF, U.S.D.J.:

On December 7, 2023, Mr. Parsons filed a pro se motion for compassionate release that was subsequently supplemented by counsel. See Def. Mot. for Compassionate Release ("Def. Mot."), ECF No. 21; Suppl. Mot. to Reduce Sentence and Amend PSR ("Suppl. Mot"), ECF No. 22. The motions cite Mr. Parsons' need to care for his ill grandmother and his rehabilitation during his term of imprisonment as the basis for requesting a sentence reduction. See Def. Mot. at 1-3; Suppl. Mot. at 2. For the reasons discussed below, Mr. Parsons' motion for compassionate release is denied.

To qualify for compassionate release, Mr. Parsons must identify "extraordinary and compelling reasons warrant[ing]" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Mr. Parsons has failed to do so. There is no evidence that Mr. Parsons is his grandmother's sole caretaker. In fact, the letter from his mother, that counsel submitted, indicates that there are other family members that have been taking care of his grandmother during Mr. Parsons' incarceration. See Suppl. Mot., Ex. B. Therefore, the purported need for Mr. Parsons to care for

1

his grandmother does not constitutes an extraordinary and compelling circumstance warranting compassionate release. See, e.g., United States v. Lindsey, 13-cr-271, 2021 WL 37688, at *3 (S.D.N.Y. Jan. 4, 2021) ("[C]ourts generally require a showing of evidence from several source indicating that the defendant is the only available caregiver for a family member in dire conditions, before concluding that an extraordinary and compelling reason has been established.")[1] In addition, Mr. Parsons' rehabilitation, while commendable, cannot provide a basis in and of itself for compassionate release. United States v. Brooker, 976 F.3d 228, 238 (2d Cir. 2020) ("[R]ehabiliation *alone* shall not be considered an extraordinary and compelling reason" for granting compassionate release.).[2]

Because Mr. Parsons has failed to identify extraordinary and compelling reasons that justify a sentence reduction, his motion must be denied. The Clerk of Court is respectfully directed to close docket entries 21 and 22.

SO ORDERED.

New York, NY
January 21, 2024

JED S. RAKOFF, U.S.D.J.

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

[2] Mr. Parsons has conceded that he "is not eligible for . . . a sentence reduction" under "the November 1, 2023 amendments to the Guidelines" but asks the Court to order a new PSR to reflect the effect of the amendments on his criminal history points, criminal history category, and guidelines range. Suppl. Mot. at 3-4. However, Mr. Parsons has identified no legal basis upon which the Court can grant the relief he requests. Accordingly, the Court will not order a new PSR.